ELIZABETH STREEPER, PROSECUTRIX, v. AUDITORIUM KENNEL CLUB, CITY OF ATLANTIC CITY, HARRY BACHARACH, PHILIP E. M. THOMPSON, BERTRAM E. WHITMAN, RESPONDENTS.

Argued May 10, 1935—Decided July 22, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutrix, *Alexander Blatt* (*Milford J. Meyer*, of the Pennsylvania bar).

For the respondents city of Atlantic City, Harry Bacharach, Philip E. M. Thompson and Bertram E. Whitman, *Anthony J. Siracusa*.

For the respondent Auditorium Kennel Club, *Emerson Richards*.

The opinion of the court was delivered by

CASE, J.   The writ challenges the legality of a lease made on February 27th, 1935, wherein the city of Atlantic City rented the main portion of its convention hall to Auditorium Kennel Club for the conducting, by the lessee, of dog races under the pari-mutuel system.

Respondents present three points in defense: First, that there is no proof of an illegal object; second, that prosecu-

trix presents no argument for the allowance of the writ; third, that the prosecutrix is not qualified to prosecute the writ.

The pari-mutuel system is too well and too generally known to require elaborate description. Pari-mutuel is sometimes spelled thus, as a hyphenated word, and sometimes appears as two words and with variant spelling. Webster's New International Dictionary briefly defines pari mutuel or paris mutuels as "a form of betting on horses in which those who bet on the winning horse share the total stakes, less a small per cent. to the management." See, also, title "Paris mutuels or Paris mutuals," 27 *C. J.* 976, and title "French Pool," 27 *C. J.* 987. The system was long ago classified, and condemned, as a lottery by the courts of this state. *State* v. *Lovell*, 39 *N. J. L.* 458. It is immaterial that in the case before us the racing and attendant betting concerned dogs rather than horses. Chapters 56 (*N. J. Stat. Annual* 1934, § *136-4600 (95, 96) and 179 (*N. J. Stat. Annual* 1934, § 7-212 to 217) of the laws of 1934, under the provisions of which the lease was made, have been declared unconstitutional by the Court of Errors and Appeals; as has, also, chapter 391 of the laws of 1933. *N. J. Stat. Annual* 1934, § 85-8. *Hyman* v. *Long Branch Kennel Club*, 115 *Id.* 123; 179 *Atl. Rep.* 105. The object of the lease agreement was palpably unlawful.

Prosecutrix is a citizen and taxpayer of the city of Atlantic City. There was no proof introduced against the *status* of the prosecutrix; and after the allowance of a writ of *certiorari* the status will be presumed in the absence of proof to the contrary. *Levy* v. *Elizabeth*, 81 *N. J. L.* 643; 80 *Atl. Rep.* 498.

The argument upon which respondents rest their second point, and their remaining points as well, has been adversely determined by this court in *Gimbel* v. *Peabody*, 114 *N. J. L.* 574; 178 *Atl. Rep.* 62.

The motion to vacate the *allocatur* heard as a part of the argument is denied.

The proceedings brought up for review are set aside, with costs.