103 N.J. Super. 149 (1968)
246 A.2d 743
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BURTON STEEVER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1968.
Decided October 4, 1968.
Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Edward Suski, Jr. argued the cause for appellant.
*150 Mr. Robert L. Messick, Assistant Prosecutor, argued the cause for respondent (Mr. A. Donald Bigley, Camden County Prosecutor, attorney).
PER CURIAM.
Defendant appeals his conviction of possession of lottery paraphernalia, prohibited by N.J.S. 2A:121-3(b). The sole ground of appeal is that football "pools," which were found on defendant's person in the course of a valid search by the police, are not lotteries within the intention of the statute.
Since 1961 a prohibited lottery has been defined in the crimes statute (N.J.S. 2A:121-6) as a "distribution of prizes by chances in return for a consideration in the form of money or other valuable things." However, substantially the same definition was employed by the courts for a long time prior to its incorporation into the statute. State v. Lovell, 39 N.J.L. 458, 461 (Sup. Ct. 1877). Defendant argues that a football pool does not come within the definition since an element of skill and judgment on the part of the player is involved in that he picks the winners of the games to be played (subject to the "point-spread," or odds-equivalent, fixed by the operators of the pool). This, it is contended, eliminates the element of chance from the enterprise. The same argument was rejected by the former Supreme Court in State v. Lovell, supra, where pools on horse races were held to constitute lotteries notwithstanding the contention of the defendant there to the effect that an element of skill and judgment on the part of the bettor in selecting the horses removed the pools from the category of lotteries because of the absence of "chance." The court reasoned that there remained a substantial element of chance as to which horse would win and also that the amount to be won depended on the number of participants in the pool  another element of chance.
This reasoning is entirely applicable to the pools here involved  as such pools are described in the Agreed Statement in Lieu of Record before us. The Lovell case was cited *151 with approval on the point by former Justice Case in Streeper v. Auditorium Kennel Club, 13 N.J. Misc. 584 (Sup. Ct. 1935).
We can find no support for the argument of defendant that a comparison of the "gaming" statutes with those on lotteries shows that in the case of the latter the Legislature had in mind only such games or betting enterprises as to which the element of skill or judgment was totally lacking.
Judgment affirmed.